UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GERALD LEE FARRELL, JR.,<br>A/K/A BRANDON GERALD<br>FARRELL,<br><br>    Defendant. | Case No. 1:04-cr-00180-BLW<br><br>MEMORANDUM AND DECISION |

## Introduction

During sentencing, the Court resolved all objections from the bench. To further explain the Court's reasoning the Court will issue this memorandum and decision.

## Analysis

### Dispute Over Base Offense Level

The PSR in ¶ 77 identifies the base offense as Attempted Abusive Sexual Contact with a base offense level of 10.  The Government objects, claiming the base offense is Attempted Criminal Sexual Abuse, which would increase the base offense level to 27.

A person commits Attempted Criminal Sexual Abuse if the person knowingly engages, or  attempts to engage, "in a sexual act with another person if that other person

is incapable of declining participation in, or communicating unwillingness to engage in that sexual act." 18 U.S.C. § 2242(2) (A), (B).  Because application of this base offense would more than double the defendant's sentencing guidelines range, the Government must prove the enhancement by clear and convincing evidence. *See United States v. Zolp*, 479 F.3d 715, 718 (9th Cir. 2007).

The Court finds the Government has shown by clear and convincing evidence the victim was incapable of declining participation in, or communicating unwillingness to engage in the sexual act.  In the Las Vegas hotel room, the defendant gave the victim – a 17-year-old female – a pill and a mixed drink with vodka. The victim either fell asleep or passed out at which time the defendant then laid on top of her and attempted to remove her panties while making comments of a sexual nature.  When this attempt began, the victim was asleep.  Although the victim did communicate the word no, and the defendant did stop, this did not happen until the victim awoke.

Based upon the defendant's conduct immediately prior to the incident, as well as his earlier conduct with the victim, it is evident the defendant's intention at the time of the incident was to engage in a sexual act with a minor. The defendant groomed the victim by setting up cameras allowing him to take pictures of the victim, insisting she use the sauna without clothes, exposing himself to her, and giving her massages during which he touched her breasts and genitalia. In addition, the defendant purchased and applied breast enlargement cream to the victim, and he purchased lingerie for the victim and photographed her wearing it. Further, he orchestrated a situation where the victim was required to share a bed with the defendant.  Based on the totality of the circumstances, it

is unmistakable the defendant's intention was to engage in a sexual act with the minor victim.

In the event the Court found the cross reference to Attempted Abusive Sexual Contact provides the applicable base level, the mandatory minimum is not where this Court would have stopped. Regardless of what base level is used, the prior history and conduct of the defendant coupled with the Las Vegas event more than justifies a 96-month sentence with 15 years supervised release.

**Destruction of Evidence**

The defendant moved to suppress the evidence against him because sources of that evidence – such as his computer hard drive, a boom box, and a ceiling fan housing – were destroyed by the police. In order for destruction of evidence to rise to the level of a constitutional violation, a party must make two showings: (1) that the government acted in bad faith, the presence or absence of which "turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed." *U.S. v. Sivilla,* 714 F.3d 1168, 1172 (9th Cir. 2013); and (2) that the missing evidence is "of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Id.* Another configuration of this test requires the showing of bad faith where the evidence is only potentially useful and not materially exculpatory. *Id.* For evidence to be materially exculpatory, its exculpatory nature must be apparent. *Id.*

In this case, the destroyed evidence would likely not be exculpatory. The defendant had already admitted to possessing the files and pictures taken off the computer.

Second, the Ada County Sheriff's Office did not destroy the evidence in bad faith. "Mere negligence" is insufficient to establish bad faith. *Vera*, 231 F. Supp. 2d at 1000. The Ada County Sheriff's Office destroyed the evidence after storing it for more than five years. According to testimony at the evidentiary hearing before this Court, the officer responsible for the evidence concluded it was appropriate to release the evidence because the defendant had fled the country to avoid prosecution, the victim no longer resided in the United States, and the Ada County Prosecutor's Office appeared to be uninterested in prosecuting the case. The sheer volume of evidence located at the Ada County Sheriff's Office does not permit the storage of evidence indefinitely.

Third, destroying the evidence did not prejudice the defendant. While the defendant implied that the gardener may have placed the video camera in the boombox, he does not explain how those videos ended up on his computer and why he had a receipt for a video camera. All the files were under the defendant's user name, he admitted to owning the computer and possessing several of the pornographic images or videos, and the only other people living in the home were the defendant's wife and the victim. It is unreasonable to believe the defendant's wife or the victim were involved with the computer or any of the hidden surveillance equipment.

Therefore, because the United States did not act in bad faith and the destroyed evidence did not prejudice the defendant, this Court admitted the evidence and considered it in determining the defendant's sentence.

**<u>Vulnerable Victim</u>**

The defendant objected to the vulnerable victim enhancement because the victim was fluent in English, she was communicating with friends and family, and when she needed help, she was able to get it.

A 17-year-old foreign exchange student from Germany is a vulnerable victim. A vulnerable victim is someone who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct. U.S.S.G § 3A1.1 (2008). It is not necessary that the defendant target the victim *because* of her vulnerability; rather, it is enough that the defendant knew or should have known the victim was vulnerable. *See United States v. O'Brien,* 50 F.3d 751, 755 (9th Cir.1995). For example, the 9th Circuit held a 17-year-old foreign exchange student from Norway was a vulnerable victim because he was thousands of miles away from his family. *United States v. Johnson*, 132 F.3d 1279, 1285-86 (9th Cir. 2009). In addition, the defendant was the victim's host father and was responsible for his care and well-being while he was residing in the defendant's home. *Id*.

Here the victim was 16 years old when she moved from Germany into the defendant's home. Like the victim in *Johnson*, this victim was living thousands of miles away from her home and family. She was relying on the defendant for support and guidance, as a guardian, while in the defendant's care. His responsibility as a host parent

was to provide, protect, and care for the victim. The defendant knew or should have known the victim was vulnerable because she was in a strange country thousands of miles away from her family, English is not her primary language, and he was isolating her from the other foreign exchange students. For these reasons, this Court will apply *Johnson* and hold that the victim was vulnerable and therefore apply the two-point enhancement.

**Pornography**

The defendant objected to the number of images considered pornography because although the surveillance video contains nudity, he argues it is not sexually explicit.

Child pornography is a visual depiction of a minor engaging in sexually explicit conduct. 18 U.S.C.A § 2256 (8)(B). Sexually explicit conduct is graphic or simulated lascivious exhibition of the genitals or pubic area of any person. § 2256 (2)(B)(iii). Graphic means that a viewer can observe any part of the genitals or pubic area of any depicted person . . . during any part of the time that the sexually explicit conduct is being depicted. § 2256 (10).

Here the defendant had possession of videos where the victim, a 17-year-old girl, was taking off her clothes. The video focused on her genital area, buttocks, and breasts. There were multiple images of the victim in various states of undress along with more than one shower scene. Although many of the images were poor quality, this Court holds that the quality of the image does not matter. The important factor is that the focus of these images was the victim's pubic area, breasts, and buttocks. These types of images go to the heart of the definition of child pornography. It is lascivious exhibition of the genital

and pubic area of a minor. Therefore, this Court will find the additional videos located on the defendant's computer are pornography.

## Conclusion

For the reasons stated above, this Court finds the defendant shall be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 96 months.

DATED: July 28, 2014

B. Lynn Winmill
Chief Judge
United States District Court